

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-WR-88,180-02

**EX PARTE WALTER HINTON, JR., Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1316867-A IN THE 262ND DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Hinton v. State*, No. 14-13-00116-CR (Tex. App. — Houston [14th Dist.] April 17, 2014) (not designated for publication).

Applicant contends, among other things,[1] that both his trial counsel and his appellate counsel

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

rendered ineffective assistance for various reasons. Applicant alleges that trial counsel was ineffective for failing to seek out, interview and present testimony from two witnesses, one of whom intervened during an earlier confrontation between Applicant and the victim, and the other, the victim's son who was apparently firing a 9mm gun at the scene of the offense. Applicant also alleges that trial counsel failed to request a concurrent causation instruction or lesser-included offense instructions in the jury charge. As for appellate counsel, Applicant alleges that he failed to file a motion for new trial to preserve various issues for direct appeal. Applicant alleges that although appellate counsel was appointed the day after Applicant was sentenced, he did not communicate with Applicant at all until after the deadline for filing a motion for new trial had passed.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and appellate counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether trial counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions

of law as to whether the performance of Applicant's appellate counsel was deficient, and if so, whether appellate counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 27, 2018
Do not publish